# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: L.C., L.C., L.C., and L.C.**

**No. 14-0008** (Mercer County 13-JA-58 through 13-JA-61)

**FILED**

June 2, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father, by counsel David Kelley, appeals the Circuit Court of Mercer County's December 12, 2013, order terminating his parental, custodial, and guardianship rights to L.C.-1, L.C.-2, L.C.-3, and L.C.-4.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Michael Jackson, filed its response in support of the circuit court's order. The guardian ad litem, Catherine Wallace, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating his parental, custodial, and guardianship rights without an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2013, the DHHR filed an abuse and neglect petition against Petitioner Father. The petition alleged that Petitioner Father failed to provide adequate supervision after one of his children spilled a small amount of hair dye on her head.[2] The petition also alleged that Petitioner Father permitted his children to stay overnight with a registered sex offender without supervision.[3] The circuit court held an adjudicatory hearing on June 11 and 12, 2013. During the

---

[1]Because the children in this case have the same initials, we have distinguished each of them using numbers 1, 2, 3, and 4 after their initials in this Memorandum Decision. The circuit court case numbers also serve to distinguish each child.

[2]The child's mother testified that a "blonde circle" appeared on the back of the child's head and the hair dye did not pose any health problems to the child. She also testified "it just bleached my daughter's hair. I mean, [her] hair [is] already blonde, it just [made it more blonde]."

[3]During the pendency of the underlying case in this matter, Petitioner Father was involved in a separate child abuse and neglect case in Mercer County, West Virginia, Case No. 12-JA-09. By order entered in February of 2013, Petitioner Father was granted an improvement period. As part of this improvement period Petitioner Father was granted visitation and ordered not to associate with registered sex offenders. The circuit court found that there was no

hearing, case worker, Suzanne Hardesty-Oster testified that Petitioner Father permitted his children to stay overnight at a registered sex offender's home without supervision.[4] In August of 2013, Petitioner Father was arrested in Mecklenburg County, North Carolina, for allegedly attempting to obtain property by false pretenses and for making a false statement for the purpose of purchasing a firearm.[5]

By order entered on September 23, 2013, the circuit court adjudicated Petitioner Father as a neglectful parent based upon abandonment. Thereafter, the circuit court held a dispositional hearing on October 28, 2013. At the conclusion of the hearing, the circuit court terminated Petitioner Father's parental, custodial, and guardianship rights. It is from this order that Petitioner Father appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

---

reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and terminated Petitioner Father's parental, custodial, and guardianship rights. Petitioner Father appealed the termination of his parental, custodial, and guardianship rights to this Court in Docket No. 13-1005. The Court affirmed the termination of Petitioner Father's rights by order entered on April 28, 2014.

[4]Ms. Hardesty-Oster was Petitioner Father's managing case worker in Case No. 12-JA-09.

[5]These alleged crimes were a violation of Petitioner Father's parole in Tazewell, Virginia. The record before this Court does not contain evidence regarding why Petitioner Father was on parole in the Commonwealth of Virginia and is devoid of any information regarding the length of Petitioner Father's incarceration. Additionally, on June 24, 2013, the Circuit Court of Mercer County issued a bench warrant for Petitioner Father for failure to appear on an indictment for forgery.

Upon our review, the Court finds no error in the circuit court's denial of Petitioner Father's motion for a post-adjudicatory improvement period or the termination of his parental, custodial, and guardianship rights. West Virginia Code § 49-6-12(b) grants circuit courts discretion in granting a post-adjudicatory improvement period upon a written motion and a showing, by clear and convincing evidence, that the parent will fully participate in the same. The record in this matter supports the circuit court's denial. First, the record is devoid of any evidence that Petitioner Father filed a written motion requesting a post-adjudicatory improvement period. Additionally, Petitioner Father failed to show, by clear and convincing evidence that he would have fully complied with the terms of a post-adjudicatory improvement period. In his related abuse and neglect case, Petitioner Father was granted an improvement period that directed him to not associate with registered sex offenders. During the adjudicatory hearing in this case, Ms. Hardesty-Oster testified that Mrs. Vest[6] indicated that Petitioner Father's children "stayed overnight at their home." For these reasons, it is clear that Petitioner Father failed to establish by clear and convincing evidence that he would have fully participated in an improvement period. Thus, it was not error for the circuit court to deny Petitioner Father a post-adjudicatory improvement period.

Further, these same facts, in addition to the fact that Petitioner Father has been incarcerated since August of 2013, support the circuit court's finding that there was no reasonable likelihood that Petitioner Father could substantially correct the conditions of abuse or neglect in the near future. West Virginia Code § 49-6-5(b)(2) states that a circumstance in which there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected includes situations where "[t]he abusing parent . . . [has] willfully refused or [is] presently unwilling to cooperate in the development of a reasonable family case plan designed to lead to the child's return to their care, custody and control." As noted above, Petitioner Father has been incarcerated since August of 2013. Further, West Virginia Code § 49-6-5(b)(3) states that a circumstance in which there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected includes situations where "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan . . . ." The record before this Court supports the finding that Petitioner Father violated his improvement period in his related case by permitting his children to associate with a registered sex offender. Pursuant to West Virginia Code § 49-6-5(a)(6) circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we find no error in the decision of the circuit court and its December 12, 2013, order is hereby affirmed.

Affirmed.

---

[6]Mrs. Vest is the wife of James Vest, a registered sex offender and Petitioner Father's neighbor.

**ISSUED**: June 2, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II